IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG DIVISION

ELECTRONICALLY FILED
Jan 31 2022
U.S. DISTRICT COURT
Northern District of WV

**CHRISTINA M. VOGT,**

    **Plaintiff,**

v.      Civil Action No. _____    3:22-CV-10 (Groh/Trumble)

**MACY'S LOGISTICS AND OPERATIONS
and MACYS.COM LLC,**

    **Defendants.**

## NOTICE OF REMOVAL

To:    Virginia Sine                       Christina Vogt, *pro se*
        Berkeley County Circuit Clerk       P.O. Box 76
        Berkeley County Judicial Center    Great Cacapon, WV 25422
        380 West South Street, Suite 3411
        Martinsburg, WV 25401

COME NOW Defendant Macy's Logistics and Operations and Defendant Macys.com LLC ("Defendants"), by and through their undersigned counsel, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, and file this Notice of Removal to the United States District Court for the Northern District of West Virginia, Martinsburg Division, and for grounds of this Notice of Removal state as follows:

1.     This action was originally commenced in the Circuit Court of Berkeley County, West Virginia, on or about December 17, 2021, in a civil action styled *Christina M. Vogt, Plaintiff, v. Macy's Logistics and Operations and Macys.com LLC, Defendants*, Case No. CC-02-2021-C-412. The agent for both defendants was served with the Complaint (but not with a summons) on December 31, 2021, and the Complaint was forwarded to Macy's Logistics and Operations and to Macys.com LLC on January 11, 2022. A copy of the Complaint (but not with a summons) was

also received by "Macy's Logistics" at Martinsburg, WV on December 31, 2021. Both of the defendants consent to the removal of this civil action. A copy of the Docket Sheet and all other documents on file with the Circuit Court of Berkeley County, West Virginia are attached hereto collectively as "**Exhibit 1**." A copy of all documents served on Defendants is attached collectively as "**Exhibit 2**."[1]

## VENUE AND JURISDICTION

2.      Venue of this removal is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division corresponding to the place in which the state court action was pending. This Notice of Removal is being filed within 30 days of service of the Complaint upon Macy's Logistics and Operations and Macys.com LLC and is therefore timely filed under 28 U.S.C. § 1446(b).[2]

3.      Pursuant to 28 U.S.C. §§ 1331 and 1367, this Court has original and supplemental jurisdiction over this matter. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Thus, in "cases where federal law *creates* the cause of action, the courts of the United States unquestionably have federal subject matter jurisdiction." *Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (emphasis in original) (citing *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 809, 106 S. Ct. 3229, 3233, 92 L.Ed.2d 650 (1986)). As this Court

---

[1] The documents attached as Ex. 2.A are the documents served upon Macys.com LLC via its agent. The documents attached as Ex. 2.B are the documents served upon Macy's Logistics and Operations via its agent. The documents attached as Ex. 2.C are the documents sent to "Macy's Logistics" at Martinsburg, WV. In paragraph 5 of the Complaint, Plaintiff references a "supplemental thumb drive." According to the office of the Clerk of the Circuit Court of Berkeley County, the thumb drive is not on file with the Clerk's office. The thumb drive was not sent to the Martinsburg, WV address as part of Exhibit 2.C. To date, Defendants have not received the thumb drive from Defendants' agent, Corporate Creations. Collectively, these are all the documents served upon the Defendants.
[2] Rule 6(a)(1)(C) of the Federal Rules of Civil Procedure applies to extend the 30–day removal deadline to the next business day. *See, e.g., Froehlich v. CACH, LLC*, 289 F.R.D. 454, 455 (S.D. Ohio 2013).

recently stated, "Where a federal statute creates the cause of action, the courts of the United States have federal subject matter jurisdiction over the case because it is deemed to be 'arising under' federal law. . . . The determination of whether a case arises under federal law is resolved within the four corners of a complaint." *Moran v. Samaan*, No. 1:20CV268, 2021 WL 4448934, at *2 (N.D.W. Va. Sept. 28, 2021) (slip copy) (citing *Merrell Dow*, 478 U.S. at 808).

4. Here, Plaintiff's Complaint contains five causes of action, the fifth of which is for "obstruction." If such a claim exists, federal law created it. Specifically, Plaintiff brought Count Five under federal law, 18 U.S.C. § 1503, which provides in part:

> Whoever corruptly, or by threats or force, or by any threatening letter or communication, endeavors to influence, intimidate, or impede any grand or petit juror, or officer in or of any court of the United States, or officer who may be serving at any examination or other proceeding before any United States magistrate judge or other committing magistrate, in the discharge of his duty, or injures any such grand or petit juror in his person or property on account of any verdict or indictment assented to by him, or on account of his being or having been such juror, or injures any such officer, magistrate judge, or other committing magistrate in his person or property on account of the performance of his official duties, or corruptly or by threats or force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice, shall be punished as provided in subsection (b).

18 U.S.C. § 1503. Therefore, the Court has original jurisdiction over Count Five.

5. The Court has supplemental jurisdiction over the remaining state-law claims set forth in Counts One, Two, Three, and Four. "Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C.

§ 1367(a). Subsection (b) of § 1367 is not applicable because it applies only to actions that are removed pursuant to 28 U.S.C. § 1332 (diversity of citizenship), whereas the present civil action is removed pursuant to 28 U.S.C. § 1331 (federal question). No Federal statute prevents the Court's exercise of supplemental jurisdiction. And as shown below, subsection (c) of § 1367 also does not prevent the Court's exercise of supplemental jurisdiction.

6. All of Plaintiff's claims in this civil action form part of the same case or controversy. Plaintiff's claims all arise from the proceedings of the arbitration of a dispute between Plaintiff and "Macys." (*See* Exhibit 2, Complaint at "History of the Case – Original Case" ¶ 1.[3]) According to the Complaint, the arbitration was conducted by the American Arbitration Association ("AAA") beginning in January 2017. (*Id.*) However, the Plaintiff informed AAA that she thought that the first arbitrator presiding over the matter "seemed biased," and the arbitrator recused himself in October 2017. (Exhibit 2, Complaint at "History of the Case – Original Case" ¶¶ 1, 5.) When a new arbitrator was assigned to the matter, a new case management team was also appointed, and Plaintiff claims that this new team "caused the legal issues." (Exhibit 2, Complaint at "History of the Case – Original Case" ¶¶ 5-6.)

7. Believing the second arbitrator to be biased, Plaintiff requested that AAA recuse him, but according to the Complaint, both Macys and AAA "refused." (Exhibit 2, Complaint at "History of the Case – Original Case" ¶ 8.) Plaintiff claims that, because she was not satisfied with her new case management team's response to her "numerous complaints over several weeks describing the number of egregious acts violating fairness and legality," she spoke to the Assistant

---

[3] Defendants note that the paragraphs in the Complaint are numbered 1 – 10 in a section titled "Overview" and then begin again with paragraph 1 in the following section, which is titled "History of the Case – Original Case." The numbering of the paragraphs in this second section skip from ¶ 1 to ¶ 5, with no ¶¶ 2-4, and the Complaint's pages are not numbered. Therefore, when referring to paragraphs numbered 1 – 10, Defendants refer to the titles of the sections of the Complaint in which the allegation appears, as well as the paragraph numbers provided in the Complaint, in order to provide the Court with a pin cite.

to the President at the AAA, Kron Vollmer. (*Id.*, ¶¶ 10-11.) Plaintiff was subsequently warned by her case management team that she was not to go outside of that team for help. (*Id.*, ¶ 12.) Plaintiff then filed a complaint with the Pennsylvania State Bar Association regarding the second arbitrator. (*Id.*, ¶ 15.)

    8.  Plaintiff claims that the second arbitrator, "Macys, and the Plaintiff" were the only persons present on "a call to schedule a hearing date" that took place in August 2018, meaning that the AAA allegedly "breached their duty (and broke the rules) by not supervising the call as scheduled." (*Id.*, ¶ 16.) Plaintiff concluded that the arbitrator's decision to proceed with the call "strongly signifies that the rules are negotiable with AAA when dealing with Macys or the Arbitrator, but clearly not for the Plaintiff." (*Id.*, ¶ 17.) Plaintiff alleges that, during the August 2018 call, a representative of Macy's "breached confidentiality with the Arbitrator," causing Plaintiff to outline to the second arbitrator "her concerns about him," specifically, that she thought he had made unfair decisions "because they generally reflected what Macy's had stated they wanted early on in the case." (*Id.*, ¶¶ 18-19.) Plaintiff alleges that the arbitrator told Plaintiff to move to recuse him, and Macy's informed him that she had done so. (*Id.*, ¶ 18.) When "the AAA finally joined this call," Plaintiff informed the case manager of what she had just told the arbitrator. (*Id.*, ¶ 21.)

    9.  Five days later, the second arbitrator recused himself. (*Id.*, ¶ 22.) Afterward, the AAA informed Plaintiff that it was refusing to administer her case because she had been disrespectful to the arbitrator. (*Id.*) Plaintiff alleges that she "has suggested other options" but that Macy's has stated that it does not "want to use anyone but the AAA to administer her case." (*Id.*, at ¶ 24.)

10. In Count Five, over which the Court has original jurisdiction because it arises out of a federal statute, Plaintiff alleges that "Macy's did commit obstruction in the arbitration case of Vogt v. Macys via wit ness [sic] tampering, document alterations, concealment, and perjury." (*See* Exhibit 2, Complaint ¶ 48.) The Court has supplemental jurisdiction over Counts One, Two, Three, and Four because these claims "are so related to claims in the action within [the Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

11. In Count One, in which Plaintiff claims false advertising, Plaintiff claims that "Macys duped [Plaintiff] into this arbitration based upon false advertising with the promise of laws governing the process, neutral arbitrators, and neutral case managers." (Exhibit 2, Complaint ¶ 35.) In Count Two, Plaintiff claims intentional infliction of emotional distress based on her alleged harassment and victimization by the AAA and Macy's during the arbitration, "while the case management team did nothing to ensure her treatment was fair and equitable." (*Id.*, ¶¶ 36-39.) Plaintiff alleges, for example, that "Macys had full knowledge that this plaintiff was suffering during arbitration because of unfair and illegal proceedings." (*Id.*, ¶ 37.)

12. In Count Three, Plaintiff brings a claim for breach of contract on the basis that Macy's had a "contract for Arbitration with the Plaintiff" and that the AAA's rules were the default for anything the contract "did not cover." (*Id.*, ¶¶ 40-41.) Plaintiff claims that "Macys did not follow its terms and conditions for discovery and made a mockery of the process; thus, it violated its contract with the Plaintiff." (*Id.*, ¶ 41.) In Count Four, Plaintiff brings a claim for negligence based on her allegation that Macy's violated an alleged legal duty to provide Plaintiff with a fair and equitable venue for resolution of her case, but Plaintiff was "repeatedly victimized from the time she was employed throughout arbitration." (*Id.*, ¶¶ 42, 46-47.)

13. Clearly, all five of Plaintiff's claims in this civil action are part of the same case or controversy, that is, claims regarding the arbitration proceedings over a dispute between Plaintiff and "Macys." Therefore, because it has original jurisdiction over Count Five, the Court has supplemental jurisdiction over Counts One, Two, Three and Four. *See* 28 U.S.C. § 1367(a).

14. Furthermore, there is no reason for the Court to decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c). That statute states:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
>
> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). This case involves no novel or complex issue of State law, and the district court has dismissed no claims over which it has original jurisdiction in this civil action. All of the claims arise out of the same set of facts and circumstances, and none of the state law claims predominates over Count Five, which Plaintiff brought pursuant to a federal statute. No other compelling reason exists for the Court to decline jurisdiction.

15. Even if supplemental jurisdiction did not exist, pursuant to 28 U.S.C. § 1441, because Count Five arises under federal law, the entire civil action would still be properly removed. That statute states in part:

> (c) Joinder of Federal law claims and State law claims.—(1) If a civil action includes—
>
> (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and

>     (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute,
>
>     the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

28 U.S.C. § 1441(c). (Following removal, any claims over which a court lacks jurisdiction are to be severed and remanded. *Id.*)

16. Thus, the state court action is properly removable pursuant to 28 U.S.C. § 1441(a) and (b) to the District Court of the United States embracing the place where such action is pending, that being the United States District Court for the Northern District of West Virginia, Martinsburg Division.

17. Defendants have complied with all provisions of 28 U.S.C. § 1446 governing the process for removal.

18. After filing this Notice of Removal, Defendants will promptly provide written notice of the filing to Plaintiff and to the Clerk of the Circuit Court of Berkeley County, West Virginia where the state court action is pending.

19. This case is being removed subject to and without waiver of any challenges that the Defendants may have as to any claims or defenses that may be available to them. No admission of law or fact is intended by the filing of this Notice of Removal, and all defenses, affirmative defenses, and motions are hereby preserved.

20. If any question arises as to the propriety of the removal of this action, Defendants request the opportunity to present a brief and oral argument in support of their position that this case was properly removed.

21.     Defendants reserve the right to supplement this Notice of Removal or to present additional arguments in support of entitlement to removal and in support of this Court's jurisdiction.

WHEREFORE, Defendants Macy's Logistics and Operations and Macys.com LLC respectfully pray that the entire state court action be removed from the Circuit Court of Berkeley County, West Virginia to the United States District Court for the Northern District of West Virginia, Martinsburg Division.

Respectfully submitted this 31st day of January, 2022.

          **MACY'S LOGISTICS AND OPERATIONS**
          **and MACYS.COM LLC,**

          **By Counsel**

          /s/ Joseph U. Leonoro
          Joseph U. Leonoro (WVSB #10501)
          Attorney for Defendants
          Steptoe & Johnson PLLC
          P.O. Box 1588
          Charleston, WV 25326-1588
          Telephone: (304) 353-8000
          Facsimile: (304) 353-8180
          Email: Joseph.Leonoro@Steptoe-Johnson.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG DIVISION

**CHRISTINA M. VOGT,**

    Plaintiff,

v.                                       Civil Action No. **3:22-CV-10 (Groh/Trumble)**

**MACY'S LOGISTICS AND OPERATIONS
and MACYS.COM LLC,**

    Defendants.

### CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of January, 2022, I have electronically filed ***Notice of Removal*** with the Clerk of the Court using the CM/ECF system, and on this same day have served a copy of ***Notice of Removal*** upon the parties of record by depositing a true copy thereof in the United States mail, postage prepaid, in an envelope addressed as follows:

        Christina Vogt, *pro se*
        P.O. Box 76
        Great Cacapon, WV 25422

                /s/ Joseph U. Leonoro
                Joseph U. Leonoro (WVSB #10501)
                Attorney for Defendants
                Steptoe & Johnson PLLC
                P.O. Box 1588
                Charleston, WV 25326-1588
                Telephone: (304) 353-8000
                Facsimile: (304) 353-8180
                Email: Joseph.Leonoro@Steptoe-Johnson.com

541150.00027